ROBESON and Another *v.* CHAPMAN and Another.

When a man is known to be contracting merely as the agent of another, who is also known as the principal, his contracts, if he possesses full authority for the purpose, will be deemed the contracts of the principal only.

APPEAL from the *Franklin* Circuit Court.

DAVISON, J.—The complaint alleges that *Robeson* and *Burton* were indebted to the appellees 400 dollars for corn sold and delivered. The answer denies the indebtedness, and also sets up payment in full for the corn. Verdict for the plaintiffs below. New trial refused, and judgment on the verdict.

From the evidence it appears that *Cloud* and *Dare* authorized the appellants, who were the defendants below, to act as their agents in the purchase of corn. The authority was in writing, and reads thus:

"*Brookville, December* 10, 1852. *Cloud* and *Dare* have this day employed *Robeson* and *Burton* as their agents to purchase corn, wheat and other grain, such as they want, for which they agree to pay said *Robeson* and *Burton* two cents per bushel for all grain which they purchase for them. All of the grain to be purchased under the direction of *Cloud* and *Dare*. [Signed] *Cloud* and *Dare*."

It was also shown that the purchase was made pursuant to the authority above stated, and was reduced to writing, the contract being as follows:

"Received of *Robeson* and *Burton* one dollar, in part payment for 1,000 bushels of corn, to be delivered at the pens on Mr. *Rayburn's* farm, which we have this day sold them for *Cloud* and *Dare*, at 35 cents per bushel; corn to be taken away within two weeks. We agree to let them have all we have to spare at the same price; all of which is to be paid for on or before the 1st of *January*, 1853. [Signed] *Alexander Chapman, John Whitsler*."

It was proved that *Cloud* and *Dare*, at the time this instrument was given, were known to the appellees, who were then distinctly told that the purchase was made for that firm. It was further shown that *Cloud* and *Dare*, a few days afterwards, fully recognized the sale of the corn, as made to them through their agents.

We think the verdict does not accord with the weight of evidence. The rule is, that "when a man is known to be contracting merely as the agent of another, who is also known as the principal, his contracts, if he possesses full authority for the purpose, will be deemed the contracts of the principal only." Story on Agency, s. 261. In the present case, it was clearly proved that the appellants, when they made the contract in question, were known to be agents; the names of their principals were also disclosed; and the appellees, on at least one occasion after the contract, recognized *Cloud* and *Dare* to be entitled to the corn

<div style="margin-left:left">

May Term,
1855.

</div>

under the purchase. There is, indeed, nothing in the evidence or circumstances leading to the conclusion that the appellants incurred or intended to incur, either expressly or impliedly, any personal responsibility in the transaction.

We are of opinion that a new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. D. Howland*, for the appellants.

*G. Holland*, for the appellee.